**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DEANE V. WALKER,

Plaintiff,

v.

CARRINGTON MORTGAGE SERVICES LLC, BANK OF AMERICA NA, PARKER MCCAY PA,

Defendants.

1:16-cv-08330-NLH-AMD

**OPINION**

**APPEARANCES**:

DEANE V. WALKER
5 MILLARD AVENUE
EGG HARBOR TOWNSHIP, NJ 08234
Appearing *pro se*

SANDHYA M. FELTES
KAPLIN, STEWART, MELOFF, REITER & STEIN, PC
UNION MEETING CORPORATE CENTER
910 HARVEST DRIVE
BLUE BELL, PA 19422-0765
On behalf of Defendants Carrington Mortgage Services LLC and Bank Of America NA

ANDREW CHRISTOPHER SAYLES
STEVEN AARON KROLL
OMAR D. ARNOUK
CONNELL FOLEY LLP
85 LIVINGSTON AVENUE
ROSELAND, NJ 07068
On behalf of Defendant Parker McCay PA

**HILLMAN, District Judge**

This matter that concerns Plaintiff’s claims that Defendants violated her rights under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and the federal Fair

Housing Act, 42 U.S.C. 3601, et seq., by failing to help her participate in a mortgage modification program. Presently before the Court are the motions of Defendants to dismiss Plaintiff's claims against them. For the reasons expressed below, Defendants' motions will be granted.

**BACKGROUND**

According to her complaint, Plaintiff, Deane V. Walker, obtained a mortgage from Defendant Bank of America, NA for her home in Egg Harbor Township, New Jersey, and the loan was serviced by Defendant Carrington Mortgage Services LLC. Plaintiff claims that she had some set-backs in life, including suffering from breast cancer, and she fell behind on her mortgage payments. Plaintiff claims that she informed Defendants about her troubles and requested to participate in a mortgage modification program funded by the federal government so that she could keep her home. Plaintiff claims that instead of assisting her with the mortgage modification process, Defendants stalled in order to foreclose on Plaintiff because her default was more financially advantageous to Defendants than a mortgage modification.

Plaintiff further alleges that when Bank of America brought a foreclosure action against her in New Jersey state court, Bank of America's lawyers, Defendant Parker McCay, did not follow the judge's request that Plaintiff be allowed to properly apply for

a mortgage modification. Plaintiff also alleges that Parker McCay ignored the state court judge's order and proceeded to file a motion to strike Plaintiff's answer and counterclaim in the foreclosure action, which was granted by a judge different from the one assigned to her case.

Based on Defendants' actions, Plaintiff claims that she made a desperate and irrational decision to list her house as a short-sale. Plaintiff also claims that Defendants' actions violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., and the federal Fair Housing Act ("FHA"), 42 U.S.C. 3601, et seq., because they discriminated against her in their actions to preclude her from obtaining a loan modification. Plaintiff seeks damages in the amount of $1 million, the dismissal of the mortgage lien on her property, and the invalidation of the short-sale contract.

Defendants have moved to dismiss Plaintiff's complaint, arguing that her claims fail as a matter of law. Plaintiff has opposed the motions.[1]

[1] After Plaintiff filed her opposition to the motion to dismiss filed by Carrington Mortgage Services and Bank of America, Parker McCay filed a motion to dismiss. Plaintiff did not file an opposition to Parker McCay's motion, but the Court will consider Plaintiff's brief as an opposition to both motions.

## DISCUSSION

### A. Subject matter jurisdiction

Defendants removed Plaintiff's complaint from New Jersey state court to this Court, which has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

### B. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S.

147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d

Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented

to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C. Analysis**

Under the ECOA, a creditor may not discriminate against any applicant on the basis of national origin, and the FHA prohibits lenders from refusing "to sell or rent ... or otherwise make unavailable or deny, a dwelling to any person because of ... national origin." Shahin v. PNC Bank, 625 F. App'x 68, 70 (3d Cir. 2015) (citing 15 U.S.C. § 1691(a); 42 U.S.C. § 3604(a)).

To establish a prima facie case under the ECOA, a plaintiff must show that (1) she was a member of a protected class; (2) she applied for credit from defendants; (3) she was qualified for the credit; and (4) despite qualification, she was denied credit. Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 268 n.5 (3d Cir. 2010) (citation omitted). To establish a violation of the FHA, a plaintiff must show that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive. Wright v. Castle Point Mortg., 2006 WL 1468678, at *3–4 (D.N.J. 2006) (citing Eastampton Center, L.L.C. v. Township of Eastampton, 155 F. Supp. 2d 102, 111 (D.N.J. 2001) (internal citations omitted)).

The primary failure of Plaintiff's ECOA and FHA claims is

that she does not identify herself as a member of a protected class. In her opposition brief, Plaintiff argues that Defendants know that she is African American because her loan documents contain that information, and she should not have to allege her race in her complaint because it is a matter of fact and record.

Unfortunately, Plaintiff’s position is contrary to the law. Even though pro se complaints, “however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,” Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants “must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure,” McNeil v. United States, 508 U.S. 106, 113 (1993) (“[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . .”). Thus, in order to survive dismissal, Plaintiff is required to plead facts – including her race - to support the basic elements of her claims.

Even if the Court permitted Plaintiff to amend her complaint to plead her race, it still fails for other reasons. Plaintiff’s ECOA claims fail because Carrington Mortgage Services and Parker McCay are not creditors. Plaintiffs’ ECOA claims fail as to all Defendants because Plaintiff has not

pleaded facts to evidence that she submitted the proper application for a mortgage modification, that she was qualified for a mortgage modification, or that she was actually denied a mortgage modification. Plaintiff's FHA claims fail because she has not alleged any facts to suggest that Defendants acted with discriminatory intent or their actions had a discriminatory effect based on her national origin relating to the issuing, servicing, and foreclosing of her mortgage.

Even though "a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." Shahin, 625 F. App'x at 70 (quotations and citations omitted). The lack of facts in Plaintiff's complaint depicting how race discrimination motivated Defendants' actions causes Plaintiff's complaint to fall far from the plausible-to-proceed line.

Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Although Plaintiff has

attempted to bring a discrimination case, Plaintiff's claims in her complaint, as well as her submissions to the Court, suggest that her concerns over how the "big banks" mistreat consumers and how the attorneys in foreclosure proceeding mislead judges sound in areas of the law other than the laws redressing civil rights violations. Indeed, no facts alleged even suggest discrimination of any kind and plaintiff has asserted several times that pleading her status as a member of a protected class should not be required. Under the circumstances, the Court will not sua sponte grant leave to file an amended complaint in an effort to cure her pleading deficiencies because doing so would be futile.

Consequently, for the foregoing reasons, the Court finds that Plaintiff's complaint fails to state viable claims against Defendants for violations of the ECOA and FHA, and Defendants' motions to dismiss must be granted. An appropriate Order will be entered.

Date: May 8, 2017
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.